JOSEPH READ, Admr., *vs.* THE WARWICK MILLS.

PROVIDENCE—DECEMBER 7, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1)  *Negligence.  Assumed Risk.  Gates.  Duty to Party Invited on Premises.*

Defendant was owner of land, upon which it maintained a railway connecting with the tracks of the X. R. R. Co.  The spur track was provided with gates, placed across it at the boundary of defendant's enclosure.  Plaintiff's intestate was a brakeman in the service of the X. R. R. Co., and was riding upon the foot-board of a locomotive engaged in drawing cars from defendant's premises to the main track, by invitation of defendant.  As the locomotive was backing out of defendant's enclosure one of the gates swung against intestate, throwing him under the locomotive and killing him:—

*Held*, that the gate was not different from ordinary structures of like character, and its characteristics were obvious.

*Held*, further, that, had deceased been a servant of defendant he would have been held to have assumed the risk, and defendant owed no greater duty to one invited upon the premises than to its own employee.

*Held*, further, that it is the duty of one using a gate for lawful passage, to open and close it himself and to see that it is kept open while passing through, if necessary.

TRESPASS ON THE CASE for negligence.  Heard on demurrer to declaration, and demurrer sustained.

DOUGLAS, J.  The defendant is the owner of certain land, in Warwick, upon which it maintains a railway connecting with the tracks of the New York, New Haven & Hartford R. R. Company.  The spur track is provided with gates, placed·across it at the boundary of the defendant's enclosure.

The plaintiff's intestate was a brakeman in the service of the New York, New Haven & Hartford R. R. Company, and

in the line of his duty was riding upon the foot-board of a locomotive which had been engaged in drawing cars from the defendant's premises to the main track, by invitation of the defendant. As the locomotive was backing out of the defendant's enclosure one of the gates swung against the plaintiff's intestate, knocked him from the foot-board and threw him under the moving locomotive, which passed over his body and killed him.

As a foundation of this action the plaintiff asserts that it was the defendant's duty in these circumstances to have so controlled the gate that it could not swing except when it should be moved intentionally. That is, that the gate should have been fastened back, or a porter should have been provided to keep it open while the locomotive was passing through.

The demurrer raises two questions.

1st. Whether the declaration expressly states a breach of duty. 2nd. Whether, in the circumstances stated, the law imposed any duty upon the defendant which it has neglected.

The first question is merely one of form, and the view which we take of the second one makes it immaterial.

For we are persuaded that the defendant has been guilty of no breach of duty towards the plaintiff's intestate.

(1) The gate was in proper condition to fulfill the uses which it was constructed for. It was so placed as to form a part of the barrier around the owner's enclusure when shut, and was adapted to be opened by any person who was entitled to pass through. It is not said to have had any peculiarities which distinguished it from ordinary structures of like character, and its characteristics were obvious. The fact that it might be moved on its hinges is one which could be ascertained by looking at it. That a gate so situated is liable to be moved to and fro by the wind is known to everybody. If the deceased had been a servant of the defendant, we think he would be held to have assumed the risk of danger in passing through the gate; and we cannot hold that the defendant owed any greater duty to one who was invited upon the premises than he would owe to his own employee.

Indeed, we have no doubt that it is the duty of one who uses a gate for lawful passage, to open and close it himself and to see that it is kept open while passing through, if that be necessary.

The plaintiff, then, has no cause of action against the defendant, and the demurrer must be sustained.

*George T. Brown*, for plaintiff.

*Van Slyck & Mumford*, for defendant.